O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS TULANDA, | Case No. 2:24-cv-03997-CAS-GJS |
| Petitioner | **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| ROBERTO A. ARIAS, Acting Warden, | |
| Respondent. | |

## I.   INTRODUCTION

On November 21, 2024, United States Magistrate Judge Gail J. Standish (the "Magistrate Judge") issued a Report and Recommendation denying petitioner Francis Tulanda's ("Petitioner") petition for a writ of habeas corpus.  Dkt. 14 ("R&R").  On December 4, 2024, Petitioner, who is represented by counsel, filed his objections to the R&R.  Dkt. 15 ("Obj.").

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and Petitioner's Objections thereto.  After having made a *de novo* determination of the

portions of the R&R to which Petitioner's Objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II.  BACKGROUND

On August 3, 2021, Petitioner was sentenced to life in prison without the possibility of parole after being convicted of first-degree murder (Cal. Penal Code § 187(a)) and first-degree residential robbery (Cal. Penal Code § 211).  R&R at 2. Additionally, the jury "found true the special circumstances allegations that the murder was committed during a robbery and burglary (Cal. Penal Code § 190.2(a)(17)) and that Petitioner used a dangerous or deadly weapon and inflicted great bodily harm during the robbery (Cal. Penal Code §§ 12022(b)(1) & 12022.7(a))." Id.

Thereafter, Petitioner appealed his conviction to the California Court of Appeal.  Id.  On December 12, 2022, the California Court of Appeal issued an opinion that affirmed the judgment of conviction.  Id.  On January 13, 2023, Petitioner filed a petition for review before the California Supreme Court.  Id.  On February 15, 2023, the California Supreme Court denied the petition.  Id.

On May 14, 2024, Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, asserting four claims for relief.  Dkt. 1.  Petitioner argues that his constitutional rights were violated when: (1) the trial court denied his motion for judgment of acquittal, as the prosecution failed to prove the offenses and the special circumstances findings; (2) the trial court admitted a recording from a Perkins operation, as described in Illinois v. Perkins, 496 U.S. 292, 294 (1990); (3) the trial court admitted the recorded statements made to the Perkins agent by Christopher Brandon ("Brandon"), Petitioner's accomplice; and (4) the trial court admitted the testimony of Detective John Duncan ("Detective Duncan") regarding Petitioner's recorded statements to the Perkins agent.  Id. at 11, 19, 23, 26.

On November 21, 2024, the Magistrate Judge issued the instant R&R. R&R at 1. The Magistrate Judge recommended that the Court dismiss Petitioner's claims, finding that Petitioner failed to demonstrate that the California Court of Appeal's decision was contrary to federal law or an objectively unreasonable application of any federal law, or that it was based on an unreasonable determination of the facts. Id. at 17, 22, 26. On December 4, 2024, Petitioner filed his Objections. Obj. at 1. Because the facts at issue regarding Petitioner's claims are comprehensively set forth in the R&R, the Court does not repeat them unless relevant to the Court's decision. R&R at 2-8.

### III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a

copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner whose claim has been "adjudicated on the merits" cannot obtain federal habeas relief unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## IV.   DISCUSSION

In his Objections, Petitioner maintains that he is entitled to habeas relief as to each of his four claims. See generally Obj.

The Court will address each claim in turn. However, as an initial matter, the Court notes that the Objections are nearly all addressed by the Magistrate Judge in the R&R, casting doubt on their validity. The Court reiterates that "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith, 2021 WL 4744596, at *1.

**A. Ground One**

In regards to his first claim, Petitioner objects to the Magistrate Judge's finding that the trial court's denial of the motion for judgment of acquittal, based on insufficiency of the evidence, is not a cognizable issue on federal habeas review. Obj. at 2. Petitioner maintains that he raises a federal claim because "his

due process rights were violated." Id.  Petitioner repeats his argument that "the only evidence that Petitioner retrieved any money from the residence was Brandon's testimony," which was not corroborated. Id. at 4.  Further, Petitioner repeats his argument that there was no evidence that the money at issue was stolen. Id.  Petitioner focuses on his own testimony, which indicated that the victim had stolen the money from Petitioner, not the other way around, and that during the alleged "robbery," Petitioner sought only to retrieve his own money.  Id.

  The Court is not persuaded by this Objection.  First, the Court agrees with the Magistrate Judge's finding that, to the extent this claim is based on the validity of the trial court's denial of Petitioner's motion for judgment of acquittal under California Penal Code § 1118.1, it is not cognizable on federal habeas review. R&R at 14.  As noted by the United States Supreme Court, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations and quotations omitted).  See also Lopes v. Campbell, 408 F. App'x 13, 15 (9th Cir. 2010) (finding that claim under California Penal Code § 1118.1 is a "state law claim[] that [is] not cognizable on federal habeas review").

  Second, the Court agrees with the Magistrate Judge that, to the extent this claim is based on Fourteenth Amendment due process concerns, Petitioner has not met the standard identified in Jackson v. Virginia, 443 U.S. 307, 319 (1979).  As correctly noted by the Magistrate Judge, under Jackson, which determines the sufficiency of evidence to support a jury finding, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original).  Put another way, "the only question under Jackson is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 566 U.S. 650, 656 (2012).

5

The Magistrate Judge correctly found that, based on the evidence viewed in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner committed the charged offenses with the special circumstances at issue. A rational trier of fact was entitled to credit Brandon's statements on the Perkins recording, in which he "told the Perkins agent that Petitioner got 'half' of the $60,000 back from [the victim] from 'in the closet under the carpet.'" R&R at 15. Assuming *arguendo* that this was the only evidence to establish the taking element of robbery and it was uncorroborated, the Magistrate Judge correctly found that "the federal Constitution… does not require corroboration of accomplice testimony." Id. See Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir. 2000) (explaining that corroboration of accomplice testimony "is not required by the Constitution or federal law"); United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993) ("The uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face."). The Court agrees with the Magistrate Judge that "Petitioner has made no argument that Brandon's statements were facially incredible or insubstantial," even after having the opportunity to present Objections. R&R at 16.

Further, contrary to Petitioner's Objection, and as explained by the Magistrate Judge, Brandon's statements on the Perkins recording were not the only evidence of Petitioner taking the money at issue. R&R at 16. "Petitioner testified in his own defense that, after incapacitating [the victim], he found a safe in the floor of the guest bedroom containing $20,000 and he took it." Id. As for the issue of whether the money belonged to Petitioner or the victim, the Magistrate Judge correctly determined that "the jury was free to believe Petitioner's testimony that he stole the money and safe from [the victim] and disbelieve Petitioner's testimony that he was simply attempting to recover his own property." Id. See United States

v. Clevenger, 733 F.2d 1356, 1359 (9th Cir. 1984) ("The jury was free to accept or reject [the witness's] testimony in whole or in part.").

In sum, neither the purported lack of corroboration of Brandon's statements nor Petitioner's testimony about the money belonging to Petitioner demonstrate that Petitioner's due process rights were violated under Jackson. Therefore, the Magistrate Judge correctly found that Petitioner failed to show that the California Court of Appeal unreasonably applied any federal law in regards to his first claim.

**B. Grounds Two and Three (Perkins Operation)**

In regards to his second claim, Petitioner objects to the Magistrate Judge's finding that the fact that parts of the Perkins recording were "unintelligible" does not constitute a due process violation. Obj. at 5. Petitioner asserts that there were "374 parts of the audio recording of the Perkins operation which were 'inaudible.'" Id. at 6. In his Objections, as in his petition, Petitioner cites several cases regarding California evidence law and the admissibility of partially unintelligible tapes. Id. at 5-6. However, the Magistrate Judge correctly found that "federal habeas relief is unavailable for violations of state law." R&R at 19 (citing Estelle v. McGuire, 502 U.S., 67-68 (1991); Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009)). The following statements from the Magistrate Judge continue to be accurate: "Petitioner points to no federal case law suggesting that the admission of an audio recording that is partially unintelligible violates due process." Id. "Nor is the Court aware of any such authority." Id.

Additionally, Petitioner argues that admission of only parts of the recording was "extremely prejudicial… because the jury was able to draw impermissible inferences not supported by the actual contents of the recording." Obj. at 7. Insofar as Petitioner argues that the admission violated his due process rights, the Court agrees with the Magistrate Judge that Petitioner has not met the high standard to establish this violation in this context. R&R at 20. "Only if there are

7

1  *no* permissible inferences the jury may draw from the evidence can its admission
2  violate due process." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991)
3  (emphasis in original).  "Even then, the evidence must 'be of such quality as
4  necessarily prevents a fair trial.'" Id.

5      Petitioner contends, in a conclusory manner, that "admission of these
6  recordings prevented Petitioner from having a fair trial," because without them,
7  "the jury would not have heard Brandon's statements against Petitioner or
8  Petitioner's statements[,] which were arguably inconsistent with [Petitioner's] trial
9  testimony." Obj. at 7.  This argument does not indicate that there were no
10 permissible inferences that the jury could draw from the recordings or that the
11 evidence was of such a low quality as to prevent a fair trial.  Rather, the Magistrate
12 Judge correctly determined that the Perkins recordings "were plainly relevant and
13 allowed the jury to reasonably infer Petitioner's motive for and active participation
14 in the murder and robbery." R&R at 20.  Further, "Petitioner testified at trial, and
15 thus had the opportunity to explain any inaudible parts of the recording or address
16 why [it] was not reliable." Id.  See United States v. Hurd, 642 F.2d 1179, 1183
17 (9th Cir. 1981) ("Even if part of the tape is inaudible or missing, it is admissible if
18 the trial judge believes that it has probative value.").

19     In regards to his third claim, Petitioner does not object to the Magistrate
20 Judge's finding that errors under California Evidence Code § 1230 are not
21 cognizable under habeas.  R&R at 20.  Petitioner also does not object to the
22 Magistrate Judge's finding that the admission of Brandon's statements could not
23 have violated due process under the habeas standard, because the United States
24 Supreme Court "has not yet made a clear ruling that admission of irrelevant or
25 overtly prejudicial evidence constitutes a due process violation sufficient to
26 warrant issuance of the writ." Holley v. Yarborough, 568 F.3d 1091, 1101 (9th
27 Cir. 2009).  Finally, Petitioner did not raise any issues under the Confrontation

Clause in his petition, and does not object to the Magistrate Judge's finding that, even if Petitioner had asserted that the Confrontation Clause was violated, this claim would fail.[1]  R&R at 5, n.1.  Therefore, any challenges to these findings are deemed waived.  See 28 U.S.C. § 636(b)(1)(C).

Accordingly, the Magistrate Judge correctly concluded that Petitioner failed to show that the California Court of Appeal's decision on his second and third claims was contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts.  R&R at 22.

**C. Ground Four**

In regards to his fourth claim, Petitioner objects to the Magistrate Judge's findings that (1) violations of California's state evidence law are not cognizable on habeas; and (2) even assuming that the improper admission of lay testimony by Detective Duncan could constitute a due process violation, "this is not such a case."  R&R at 24; Obj. at 8.  Petitioner argues that he has "sufficiently pled that his due process rights were violated."  Obj. at 8.  According to Petitioner, Detective Duncan improperly "invaded the jury's province," "drew impermissible legal conclusions," and "editorializ[ed]" Petitioner's statements in the Perkins recording on behalf of the government.  Id. at 9-10.

The Court is not persuaded by this Objection.  Petitioner continues to cite to judicial decisions regarding only state law.  See Obj. at 9-10.  The Magistrate Judge, citing Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), correctly

---

[1] Further, the Court agrees with the Magistrate Judge's finding that the admission of Brandon's recorded statements did not violate the Confrontation Clause.  This is because "Brandon's statements were not testimonial[,] as Brandon unwittingly believed he was speaking with a fellow inmate and not a government agent conducting an interrogation that would later be used in court."  R&R at 5, n.1.  See Davis v. Washington, 547 U.S. 813, 825 (2006) (noting "statements made unwittingly to a Government informant" are "clearly non-testimonial").

found that "Petitioner may not 'transform a state-law issue into a federal one merely by asserting a violation of due process.'" R&R at 24.

Even assuming *arguendo* that Detective Duncan's testimony could pose a due process issue, Petitioner's Objection does not refute the Magistrate Judge's findings on this issue. First, because "the jury was instructed that it was not obligated to accept Detective Duncan's testimony about the meaning of Petitioner's and Brandon's statements in the audio recordings and should make its own determination about the weight to give his opinion," there is no reason to believe that the jurors, who also heard the recordings, "failed to make their own independent assessment." R&R at 25. Second, because of the "strength of the evidence as a whole" in Petitioner's case, any error in the admission of Detective Duncan's opinion did not have a "'substantial and injurious effect' on the verdict." Id. This is because "the most incriminating evidence against Petitioner was his own statements" to the Perkins agent, as well as Petitioner's admission at trial that he fought the victim at his house and then went upstairs to retrieve the safe with $20,000 in it. Id. The Court agrees with the Magistrate Judge on both accounts.

Accordingly, the Magistrate Judge correctly found that Petitioner failed to show that the California Court of Appeal's decision on his fourth claim was contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. R&R at 26.

V. CONCLUSION

Having completed its review, the Court **ACCEPTS** the findings and recommendations set forth in the R&R. Accordingly, Petitioner's petition for a writ of habeas corpus is **DENIED**.

Dated: August 22, 2025

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE